IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * * * |
| v. | *    CRIM. NO. 02:06cr271-WKW * |
| COREY HARVEY | * * * |

## MOTION TO SUPPRESS

Comes now the defendant Corey Harvey, by and through counsel and shows as follows:

### Issues Presented

1. This Motion to Suppress relates to the arrest, search, and interrogation of Defendant Corey Harvey on November 1, 2005, as well as the search of the residence at 589 Holcombe Street, Montgomery, Alabama, pursuant to a search warrant issued and executed concurrently with the events surrounding the arrest, search and interrogation of Defendant.

2. This Motion involves the following issues:

    a. Whether the search of Defendant was violative of the Fourth Amendment to the United States Constitution.

    b. Whether the statements made by Defendant were the fruits of unlawful arrest and interrogation and the aforementioned search of Defendant and were otherwise violative of the Fifth Amendment of the United States Constitution.

    c. Whether the search of 589 Holcombe Street, Montgomery, Alabama, was the product of a search warrant issued on less than probable cause and/or upon an affidavit containing false information without which a search warrant would not have issued.

    d. Whether the search of 589 Holcombe Street, Montgomery, Alabama, was the product of a search warrant that was overbroad because, even assuming probable cause for some search, it authorized search of places and/or persons for which there was no probable cause to search and is constitutionally imprecise.

    e. Whether search of 589 Holcombe Street, Montgomery, Alabama, was the product

of a search warrant that failed to adequately describe the premises to be searched.

**Factual Background and Incorporated Memorandum of Law**

3. On November 1, 2005, Montgomery police officers received information from an anonymous source claiming that Preston Grice and "other subjects" were storing and cutting cocaine at a residence in the 500 block of Holcombe Street in Montgomery, Alabama. No house number was given. They were also told that a black Cadillac and a dark colored minivan were parked in front of the residence.

4. Defendant Williams was detained at the airport for several hours while narcotics officers were called to the airport to question her. She was then questioned, making certain statements regarding her travel plans and the source of the money.

5. Officers began surveillance within a few minutes of receiving this information on 589 Holcombe Street, observing a black Cadillac and a black minivan parked there.

6. A person left the residence in the Cadillac, carrying a plastic bag, and officers stopped the vehicle, falsely informing the occupant, Leenandora Woods, that it was for a window tint violation. A search of his vehicle by a narcotics dog revealed cocaine.

7. The black minivan left the residence and it was stopped by officers. It was driven by Preston Grice and no narcotics were found.

8. This information was used in the affidavit for a search warrant. Corporal R. J. Steelman, however, claimed in that affidavit (attached as Exhibit A and incorporated herein by reference) that marijuana was thrown from the black minivan by Preston Grice as he tried to elude police officers. Both the information about the marijuana the claim of an attempt to elude by Mr. Grice were false and the affiant knew that to be the case or should have known that to be the case.

9. The search warrant issued by Judge Troy Massey of the Montgomery Municipal Court (attached as Exhibit B and incorporated herein by reference) authorized the search of a house located on the corner of Holcombe Street and South Street. 589 Holcombe Street is not located on such corner.

10. Upon executing the search warrant, Defendant was found across the street from 576

Holcombe, across the street from 589. He was searched, his keys were taken, and they were found to fit a Chevrolet Caprice parked behind 589 Holcombe. The search of the interior of 589 revealed, in addition to the alleged contraband in this case, paperwork including utility bills for 589 Holcombe in the name of Defendant Harvey. Defendant Harvey was questioned at the scene, arrested and taken to police offices and questioned further.

11. The arrest of Defendant Harvey culminated in charges against him, Woods, and Grice based upon the same allegations as in this case. A preliminary hearing was held on November 7, 2005 before the Hon. Susan Russ-Walker, United States Magistrate Judge. Testimony was taken which contradicted the allegations of the affidavit for the search warrant. That affidavit, however, was neither available to the government nor to counsel for the defendants.

12. Probable cause is generally required for a search and is defined as "a fair probability that contraband or evidence of crime will be found on the premises to be searched. Carroll v. United States, 267 U.S. 132, 155-56 (1925). Evidence presented in support of an application for a search warrant must provide a " substantial basis" for determining the existence of probable cause. When probable cause is based on hearsay, as opposed to direct police observation, the affidavit supporting the warrant must at least allow "for a balanced assessment of the relative weights of all the various indicia of reliability, and unreliability, attending the informant's tip. Illinois v. Gates, 462 U.S. 213, 234, 238-239 (1983). The affidavit must contain sufficient facts and circumstances to enable the issuing authority to make an independent evaluation of probable cause. United States v. Ventresca, 380 U.S. 102 (1965). "The Warrant Clause of the Fourth Amendment categorically prohibits the issuance of any warrant except one 'particularly describing the place to be searched and the person or things to be seized.' The manifest purpose of this particularity requirement was to prevent general searches. By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement endures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit. Maryland v. Garrison, 480 U.S. 79, 84 (1987). A material misrepresentation or omission, when recklessly made or omitted, in an affidavit in support of a warrant compromises

the warrant's legitimacy. When the Fourth Amendment demands a factual showing sufficient to comprise probable cause, the obvious assumption is that there will be a truthful showing. <u>Franks v. Delaware</u>, 438 U.S. 154, 164-65 (1978).

**WHEREFORE,** the defendant moves this Court to set a date certain for the hearing of this motion and require the government to respond to this motion by the presentation of evidence on the issues contained herein, and following said hearing, to suppress any and all fruits of the searches and interrogations complained of herein.

Respectfully submitted this 28th day of December, 2006.

s/Bruce Maddox
Bruce Maddox (MAD013)
Attorney for Corey Harvey
Law Offices of Bruce Maddox
6728 Taylor Court
Montgomery, Alabama 36117
Phone: (334) 244-7333
Fax: (334) 260-9600

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to appropriate parties.

s/Bruce Maddox
Of Counsel

EXHIBIT A

| STATE OF ALABAMA | ) | AFFIDAVIT IN SUPPORT OF A |
| --- | --- | --- |
| COUNTY OF MONTGOMERY | ) | ANYTIME SEARCH WARRANT |
| CITY OF MONTGOMERY | ) | KNOCK AND ANNOUNCE |

BEFORE ME, THE HONORABLE _____, JUDGE OF THE MUNICIPAL COURT OF THE CITY OF MONTGOMERY, MONTGOMERY, ALABAMA, THE UNDERSIGNED, CORPORAL R. J. STEELMAN #072, PERSONALLY APPEARED AND STATED THAT HE IS A DETECTIVE WITH AND FOR THE SPECIAL OPERATIONS DIVISION, NARCOTICS BUREAU OF THE MONTGOMERY POLICE DEPARTMENT, MONTGOMERY, ALABAMA AND HE HAS REASON TO BELIEVE THAT COCAINE, A CONTROLLED SUBSTANCE, IS BE STORED AND SOLD AT A RESIDENCE WITH NO VISIBLE NUMBERS LOCATED IN THE 500 BLOCK OF HOLCOMBE STREET, MONTGOMERY, ALABAMA. THE RESIDENCE IS DESCRIBED AS BEING A WHITE SINGLE STORY DWELLING, LOCATED ADJACENT TO TWO VACANT LOTS AT THE CORNER OF HOLCOMBE AND SOUTH STREET. THE RESIDENCE FACES WEST ON HOLCOMBE STREET. THIS IS IN VIOLATION OF THE CODE OF ALABAMA, 1975, SECTION 13A-12-231.

THE FACTS TENDING TO ESTABLISH THE FOREGOING GROUNDS FOR ISSUANCE OF AN ANYTIME, "KNOCK AND ANNOUNCE", SEARCH WARRANT ARE AS FOLLOWS:

PROBABLE CAUSE BEING THAT ON 11/01/2005 AT APPROXIMATELY 1145 HOURS, THE MONTGOMERY POLICE DEPARTMENT NARCOTICS BUREAU RECEIVED INFORMATION FROM AN ANONYMOUS SOURCE THAT A TRAFFICKING AMOUNT OF COCAINE WAS BEING STORED AT A RESIDENCE WITH NO VISIBLE NUMBERS LOCATED IN THE 500 BLOCK OF HOLCOMBE STREET, MONTGOMERY, ALABAMA. THE ANONYMOPUS TIP IDENTIFIED THAT PRESTON GRICE AND OTHER SUBJECTS WERE "CUTTING" THE DRUGS AND THAT A BLACK CADILLAC AND A DARK COLORED MINIVAN WERE PARKED IN FRONT OF THE RESIDENCE. THE TIP FURTHER IDENTIFIED THE RESIDENCE AS BEING NEXT TO TWO VACANT LOTS AT THE CORNER OF HOLCOMBE AND SOUTH STREET.

FURTHER PROBABLE CAUSE BEING THAT ON 11/01/2005 AT APPROXIMATELY 1230 HOURS, THE SPECIAL OPERATIONS DIVISION CONDUCTED SURVEILLANCE ON THE RESIDENCE AND OBSERVED A BLACK CADILLAC GTS AND A BLACK MINI VAN PARKED AT THE RESIDENCE. DURING THE SURVEILLANCE, A B/M, LATER IDENTIFIED AS LEENANDORA WOODS DOB: 04/09/1977, WAS OBSERVED LEAVING THE RESIDENCE. THIS WRITER OBSERVED THE DEFENDANT PLACE A PLASTIC BAG IN THE BLACK CADILLAC AND LEAVE THE RESIDENCE AT A HIGH RATE OF SPEED.

FURTHER PROBABLE CAUSE BEING THAT A TRAFFIC STOP WAS CONDUCTED ON THE BLACK CADILLAC GTS. DURING THE TRAFFIC STOP, A TRAINED NARCOTICS DOG

HANDLED BY DETECTIVE CONWAY ALERTED THAT NARCOTICS WERE IN THE VEHICLE. WOODS THEN FLED ON FOOT FROM THE VEHICLE. APPROXIMATELY ¼ TO ½ KILOGRAM OF COCAINE WAS LOCATED IN THE VEHICLE CONSOLE.

FURTHER PROBABLE CAUSE BEING THAT DURING THE STOP OF LAWRENCE WOODS, THE BLACK MINI VAN LEFT THE RESIDENCE AT A HIGH RATE OF SPEED. A TRAFFIC STOP WAS CONDUCTED ON THE VEHICLE AT WHICH TIME THE VEHICLE FLED. DURING THE VEHICLE PURSUIT, THE DRIVER THREW A LARGE AMOUNT OF MARIJUANA FROM THE VEHICLE. THE DRIVER WAS TAKEN INTO CUSTODY AND IDENTIFIED AS PRESTON GRICE, DOB: 08/24/1973.

THE FOREGOING IS BASED ON THE PERSONAL KNOWLEDGE OF THIS AFFIANT, OTHER MEMBERS OF THE NARCOTICS BUREAU AND FACTS OBTAINED BY THE MONTGOMERY POLICE DEPARTMENT NARCOTICS AND INTELLIGENCE BUREAU, MONTGOMERY, ALABAMA, AND IS MADE FOR THE PURPOSE OF SECURING AN ANYTIME "KNOCK AND ANNOUNCE" SEARCH WARRANT FOR THE DWELLING DESCRIBED AS BEING A WHITE SINGLE STORY DWELLING, LOCATED ADJACENT TO TWO VACANT LOTS AT THE CORNER OF HOLCOMBE AND SOUTH STREET. THE SEARCH WARRANT IS FOR COCAINE, AND ANY OTHER CONTROLLED SUBSTANCES, TO INCLUDE: DRUG PARAPHERNALIA, RECORDS OF DRUG TRANSACTIONS, DRUG BUY MONIES, WEAPONS AND ANY ITEMS LISTED IN ATTACHMENT I: ALSO TO INCLUDE ANY PERSONS LOCATED AT THE RESIDENCE AND ALL COMMON AREAS, OUTBUILDINGS, AND VEHICLES LOCATED WITHIN THE CURTILAGE THEREOF.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ___1st___ DAY OF __NOVEMBER__ , 2005.

_____
CPL. B. J. STEELMAN #072
SPECIAL OPERATIONS DIVISION
NARCOTICS AND INTELLIGENCE BUREAU
MONTGOMERY POLICE DEPARTMENT
MONTGOMERY, ALABAMA

_____
MUNICIPAL JUDGE
MUNICIPAL COURT
CITY OF MONTGOMERY
MONTGOMERY, ALABAMA

## ATTACHMENT I

1. Controlled, dangerous substances and related paraphernalia.

2. Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchase and distribution of controlled substances.

3. Papers, tickets, notes, schedules, receipts, and other items relating to domestic and international travel.

4. Books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safe deposit box keys, and other items evidence of the obtaining, secreting, transfer, concealment and/or the proceeds of illegal drug trafficking.

5. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds in amounts indicative of the proceeds of illegal drug trafficking.

6. Photographs, in particular, photographs of co-conspirators, of assets and/or controlled substances.

7. Receipts for items evidencing the expenditure of the proceeds of drug distribution, including, but not limited to, clothing, furniture and electronic equipment.

8. Paraphernalia for packaging, cutting, weighing, and distributing controlled substances, including, but not limited to, scales, baggies, spoons, walkie-talkies, CB's, night vision devices, police scanners, binoculars and parabolic microphones.

9. Indicia of occupancy, residency, and/or ownership of the premises, including, but not limited to, utility and telephone bills, keys and cancelled envelopes.

10. Firearms

11. Computers, disks, CD's, including, but not limited to, items used to store or transmit materials, recipes or proceeds used in the manufacture, distribution or possession of illegal drugs.

## SEARCH WARRANT

STATE OF ALABAMA )
)          ANYTIME SEARCH WARRANT
COUNTY OF MONTGOMERY )
)          KNOCK AND ANNOUNCE
CITY OF MONTGOMERY )

TO ANY SHERIFF, DEPUTY, AND/OR MUNICIPAL OFFICER OR CHIEF OF POLICE:

Proof of affidavits, which are attached hereto and incorporated by reference, having been made this day before me, by <u>Corporal R. J. Steelman #072, of the Special Operations Division, Narcotics Bureau, with the Montgomery Police Department</u>. You are hereby commanded to make immediate search of:

<u>White single story dwelling adjacent to two vacant lots in the 500 block of Holcombe Street. The address is further identified to be located at corner of Holcombe Street and South Street with a chain link fence, MONTGOMERY, ALABAMA. ANY PERSON, OUTBUILDINGS AND VEHICLES LOCATED WITHIN THE CURTILAGE THERE OF.</u>

for the following property <u>Cocaine, Marijuana and any other controlled substances, U.S. Currency, records of drug sales, drug paraphernalia, computers, items described within this affidavit, items listed in Attachment I.</u>

And if you find the same or any part thereof, to bring it forthwith before me, at my office at Municipal Court, Montgomery County, Alabama; or if the said warrant is issued for violation of a state law return the same to any State Court.

Dated this __1st__ day of __November__, 2005.

                                              JUDGE, MUNICIPAL COURT
                                              CITY OF MONTGOMERY
                                              MONTGOMERY COUNTY
                                              MONTGOMERY, ALABAMA

_____
_____

THE CITY OF MONTGOMERY

MONTGOMERY COUNTY

_____
_____

SEARCH WARRANT

_____
_____

TIME ENTERED: __1430__

TIME EXITED : __1610__

THIS _1_ DAY OF Nov. 2005.

_____
SHERIFF OR CHIEF OF POLICE

_Rebecca B. Sparkman_
DEPUTY OR MUNICIPAL OFFICER

FILED IN OFFICE THIS _____ DAY OF

_____, 2005.

_____
CLERK

000030