IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| V. | * | CASE NO. 2:06-CR-271-WKW |
| | * | |
| COREY HARVEY, ET AL. | * | |
| | * | |
|     Defendants. | * | |

**OBJECTIONS TO RECOMMENDATION OF THE MAGISTRATE JUDGE
AS TO DEFENDANT HARVEY'S MOTION TO SUPPRESS**

Defendant Corey Harvey objects to the Recommendation of the Magistrate Judge as to Defendant Harvey's Motion to Suppress as follows:

1. At suppression hearing in the pending cause, it was demonstrated that the affidavit for the search warrant contained at least two critical allegations, both of which were false and that at least one of those two false allegations was an intentional falsehood designed to illegally search a residence.

2. The affidavit for search warrant contained three pieces of information that purported to establish probable cause for the search of 879 Holcombe Street, Montgomery, Alabama. They were:

    a. That the affiant had received information from an anonymous source that trafficking quantities of cocaine were being stored and cut up at a house "with no visible numbers in the **500 block of Holcombe Street**" by Preston Grice and others.

    b. That officers observed Leenandora Woods leave that residence with a bag, get into a vehicle and leave. That vehicle was stopped and cocaine was located in the vehicle console.

    c. That during the stop of "Lawrence Woods", a black mini van left the residence at high speed. An attempt by officers resulted in the flight of the van, throwing a large amount of marijuana out of the window, and the driver was found to be Preston Grice.

3. The affiant was Corporal R.J. Steelman of the Montgomery Police Department. Corporal, who actually received the anonymous information from a known informant who was quoting another person that Steelman did not know. As to the three groups of facts used to obtain the search warrant, Steelman's testimony revealed that:

 a. He was not, in fact, told that the house was in the 500 block of Holcombe, but was, in fact told that it was in the **800 block of Holcombe.** When he found that to be untrue, but thought a house in the 500 block fit the situation better, he misinformed the municipal judge, making the informant seem more reliable. It was an intentional falsehood.

 b. That the cocaine found in the vehicle of Leenandora Woods was concealed in such a manner that the gear-shift assembly had to be taken apart and removed to find a secret compartment with the cocaine in it.

 c. That Preston Grice was NOT in or associated with the vehicle from which marijuana was thrown. Steelman claimed that he simply made an error as to the information in the rush to prepare the search warrant. In fact, Preston Grice did leave the residence in another vehicle which was stopped. No drugs or other violations of law were found in regard to Mr. Grice.

4. Of the three groups of information given to the municipal judge in the affidavit of Steelman, two contained false information. One was clearly a knowing and intentional misrepresentation of fact (500 block of Holcombe). Another was claimed to be a mistake (Grice involved in flight and discarding of marijuana) which seems incredible in light of another clear, intentional misrepresentation.

5. In her Recommendation, the magistrate judge, despite hearing the testimony that the affidavit was false as to the block of Holcombe in which the house was supposed to be located, ignored that crucial falsehood in the affidavit. It should not just have been considered as to whether without it the affidavit was sufficient. It should have also been considered in determining the credibility of Steelman as to whether his falsehood about Grice throwing marijuana was "a mistake". Viewed in it's proper light and with inferences as to lack of

credibility, it essentially means that Steelman cannot be believed and that he obtained the search warrant by fraud.

6. The falsehoods described are not only important as being on sufficiency of probable cause. If, instead of false information, the issuing judge had been told that the informant gave a wrong address and that Grice was found to have no drugs, it would have compelled a finding that the anonymous information was, beyond simply being unreliable, actually proven wrong.

7. The information placed in the affidavit, if the truth had been told, would have been: We request a warrant to search a house in the 500 block of Holcombe because an anonymous source told us that cocaine was in a house in the 800 block of Holcombe and he was wrong, but we think he might have been talking about the 500 block. The anonymous source told us that Preston Grice was involved with cocaine at the house in the 800 block and we saw him leave a house in the 500 block. We illegally stopped him and searched him and found no cocaine. One other vehicle that was at that house was also illegally stopped and we did find cocaine in the car, but the informant had given us no information about that person and we have no reason to connect him with ownership or occupancy of the house.

8. The search warrant was obtained with lies knowingly told under oath, and the evidence obtained as a result of the search of 579 Holcombe Street should be suppressed.

s/Bruce Maddox
Bruce Maddox (MAD013)
Attorney for Corey Harvey
6728 Taylor Court
Montgomery, Alabama 36117
Phone: (334) 244-7333
Fax: (334) 260-9600

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to appropriate parties.

s/Bruce Maddox
Of Counsel