IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 2:06-CR-271-WKW |
| ) | |
| COREY HARVEY ) | |

**<u>ORDER</u>**

This case is before the court on defendant Corey Harvey's Unopposed Motion to Sever Defendants and Motion to Continue (Doc. #62).  Harvey's criminal case is currently set to be tried with his co-defendant Preston Grice during the November 5, 2007 term.

Harvey seeks to have his trial severed from that of Preston Grice, his co-defendant.  Fed. R. Crim. P. 14(a) provides for severance "[i]f the joinder of offenses or defenses in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government."  Fed. R. Crim. P. 14(a).  Harvey argues that he will be prejudiced because he will not have time to complete his plea agreement and enter his guilty plea if his trial is not severed from that of his co-defendant.  The government does not oppose this motion.  The court finds that Harvey's motion to sever the trial is due to be granted.

Harvey also asks this court to continue his trial.  While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  However, the Act excludes from the 70 day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(8)(A).

The Court finds that the ends of justice served by continuing this trial outweigh the best interest of the public and Harvey in a speedy trial.  In support of his motion for continuance, Harvey explains that a continuance is needed to permit the parties to continue to negotiate a resolution of this case.  The motion is unopposed by the government, and is due to be granted.

Accordingly, it is ORDERED that the defendant's Unopposed Motion to Sever Defendants and Motion to Continue (Doc. # 62) is GRANTED.  Defendant Harvey's trial is severed from that of his co-defendant, Preston Grice.  Trial in this matter is continued from **November 5, 2007**, to the criminal term of court beginning on **February 4, 2008.**

DONE this 24th day of October, 2007.

　　　　　　　　　　　　　　　　　　　/s/  W.  Keith Watkins  
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE